J-S57006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHALITA M. WHITAKER | : | |
| | : | |
| Appellant | : | No. 1165 EDA 2018 |

Appeal from the Judgment of Sentence March 20, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005737-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHALITA M. WHITAKER | : | |
| | : | |
| Appellant | : | No. 1166 EDA 2018 |

Appeal from the Judgment of Sentence March 20, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002199-2010

BEFORE: PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 10, 2018**

Shalita Whitaker appeals from the judgments of sentence entered after

the trial court revoked her separate sentences of parole and probation. She

contends the court's aggregate sentence of imprisonment of 1½ to 4 years is

_____

* Retired Senior Judge assigned to the Superior Court.

unduly harsh and excessive. Also, her court-appointed counsel, Patrick J. Connors, Esquire, has filed a petition seeking leave to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm and grant Attorney Connors permission to withdraw.

Whitaker pled guilty to robbery and conspiracy to commit robbery in 2010 at docket number 2199 of 2010. The court sentenced her to a term of imprisonment of six to twenty-three months on the robbery conviction, and a three-year term of probation on the conspiracy conviction.

In 2015, she pled guilty to possession of drug paraphernalia at docket number 5737 of 2014. The court imposed a sentence of 1 year of probation, to run concurrently with her existing sentences. Shortly thereafter, the court issued bench warrants for her arrest due to probation violations.

She was not located until 2017, when she was arrested for retail theft. The court revoked her parole on her conviction for robbery at docket 2199 of 2010, and imposed a sentence of the remainder of her maximum sentence, which worked out to 157 days. The court granted immediate parole on this sentence. On her conviction for conspiracy on the same docket, the court revoked her probation, and imposed a sentence of one to three years' imprisonment. On her conviction for possession of drug paraphernalia at docket 5737 of 2014, the court revoked her probation and sentenced her to a term of imprisonment of six to twelve months, to be served consecutively to

her one to three year sentence for the conspiracy conviction at 2199 of 2010. Thus, the aggregate sentence imposed was one and one half years to four years' imprisonment.

Before we can address Whitaker's issue on appeal, we must examine Attorney Connors's request to withdraw. Attorney Connors has substantially complied with the mandated procedure for withdrawing as counsel. **See Santiago**, 978 A.2d at 361 (articulating **Anders** requirements); **Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Whitaker did not file a response.

As counsel has met his technical obligation to withdraw, we must now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015) (citation omitted).

Counsel has identified a single issue Whitaker believes entitles her to relief. Whitaker asserts the court abused its discretion in imposing sentence. She concedes this argument raises a challenge to the discretionary aspects of her sentence. **See** Appellant's Brief, at 6. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v.**

***McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). "Two requirements must be met before we will review this challenge on its merits." ***Id***. (citation omitted).

"First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." ***Id***. (citation omitted). ***See also*** Pa.R.A.P. 2119(f). "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***Id***. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005) (citation omitted).

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See id***. "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation and emphasis omitted).

In her Rule 2119(f) statement, Whitaker contends the court abused its discretion by imposing an excessive sentence and failing to consider her

mental health history. This raises a substantial question. ***See***

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013).[1]

We thus turn to the substance of Whitaker's argument.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Simmons***, 56 A.3d 1280, 1283-1284 (Pa. Super. 2012)

(citation omitted).

"Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). And the court may impose a sentence of total confinement upon revocation if "the defendant has been convicted of another

---

[1] However, to the extent that Whitaker desires to challenge the consecutive nature of her sentences, we conclude she has not raised a substantial question. "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Moury***, 992 A.2d 162, 171-172 (Pa. Super. 2010) (citation omitted).

The sentence imposed here, an aggregate of one and one half years to four years in prison, is not unduly harsh given Whitaker's repeated criminal conduct. A defendant is not entitled to a volume discount by having all sentences run concurrently. ***See Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995).

crime[.]" *Id*., at (c)(1). "[T]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (citations omitted).

> In addition, in all cases where the court resentences an offender following revocation of probation … the court shall make as a part of the record, and disclose in open court at the time of sentencing a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. 42 Pa.C.S. § 9721(b). A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

***Commonwealth v. Colon***, 102 A.3d 1033, 1044 (Pa. Super. 2014) (internal citations and quotation marks omitted).

When imposing sentence, a court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." ***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa. Super. 2006) (citation omitted).

Here, the court considered all the necessary factors, and determined that Whitaker's recidivism required a term of imprisonment to protect the public. There is no abuse of the court's discretion.

After examining the issues contained in the ***Anders*** brief and undertaking an independent review of the record, we concur with counsel's

assessment that the appeal is wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/18